**SO ORDERED.**

**SIGNED this 18 day of November, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

| | |
|---|---|
| IN RE: | |
| PALMETTO GREENS GOLF & COUNTRY CLUB, LLC, | CASE NO. 09-04465-8-JRL<br>Chapter 11 |
| DEBTOR. | |
| | |
| IN RE: | |
| PALMETTO GREENS DEVELOPMENT COMPANY, LLC, | CASE NO. 09-03779-8-JRL<br>Chapter 11 |
| DEBTOR. | |
| IN RE: | CASE NO. 09-07764-8-JRL<br>Chapter 11 |
| CAROLINA SHORES GOLF & COUNTRY CLUB, LLC, | |
| DEBTOR. | |

### ORDER

This case is before the court on motions for relief from stay filed by Waccamaw Bank ("Waccamaw"). The court conducted a hearing on this matter in Raleigh, North Carolina on

October 23 and 26, 2009. This order confirms and provides the rationale for the oral ruling at the conclusion of the hearing denying the motion.

## BACKGROUND

Palmetto Greens Golf & Country Club, LLC ("Palmetto Greens Golf") owns and operates a golf course and country club property located in Horry County, South Carolina. Adjacent to the golf course property is a residential development containing approximately 61 unsold attached lots and 49 unsold detached single-family lots. The residential development is owned and operated by the Palmetto Greens Development Company, LLC ("Palmetto Greens Development"). Carolina Shores Golf & Country Club ("Carolina Shores") owns and operates a golf and country club located in Brunswick County, North Carolina. Each of the debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code – Palmetto Greens Development on May 5, 2009, Palmetto Greens Golf on May 28, 2009, and Carolina Shores on August 8, 2009 (collectively "the debtors"). They continue to operate as debtors-in-possession. The debtors are limited liability companies incorporated in North Carolina, with principal offices located in Wake County, North Carolina.

Palmetto Greens Development entered into its first secured loan agreement with Waccamaw in August of 2007, for $8,200,000.00. As security for the loan, Palmetto Greens Development executed a deed of trust, an assignment of rents, and a commercial security agreement encumbering essentially all of the real and personal property owned by Palmetto Greens Development as well as its rights to future rents and receivables. To provide additional security, Palmetto Greens Golf and Carolina Shores executed similar agreements, granting liens in favor of Waccamaw on all real and personal property, plus future rents and receivables, of

both golf and country clubs.  Palmetto Greens Development entered into a second secured loan agreement with Waccamaw for $1,340,000.00 in December of 2007.  The second loan was similarly secured by substantially all of the assets of Palmetto Greens Development, Palmetto Greens Golf, and Carolina Shores.  Waccamaw asserts that the present amount due on the first loan is $7,419,085.64, plus $389,037.32 remaining on the second loan, for a combined outstanding balance of $7,784,189.89.

On October 21, 2009, Palmetto Greens Development entered into a contract with T-A-G Investment, LLC ("TAG")  for the purchase and sale of the remainder of the unsold attached lots.  The agreed purchase price is $2,595,000.00.  At hearing, the debtors' principal represented that TAG has the present ability to fund the entire purchase price and that the net sale proceeds will be paid to Waccamaw to reduce the outstanding balance.

## DISCUSSION

Section 362 of the Bankruptcy Code provides that a debtor's bankruptcy petition automatically stays "any act to obtain possession of . . . or to exercise control over property of the estate," as well as "any act to collect . . . or recover a claim against the debtor that arose before the commencement of the case . . . ."  11 U.S.C.A. § 362(a).  However, the court may terminate the automatic stay – (1) for cause; (2) if the debtor has no equity in the property and the property is not necessary to an effective reorganization; or (3) in a single asset real estate case, 90 days after filing unless the plan of reorganization "has a reasonable possibility of being confirmed within a reasonable time," or if the debtor "has commenced monthly payments that are in an amount equal to interest . . . on the value of the creditor's interest in the real estate."  Id. § 362(d)(1)-(3).

3

Waccamaw asserts that the stay should be lifted because there is no equity in the collateral and the collateral is not necessary for an effective reorganization. At hearing, the parties presented evidence to establish the value of the properties, including testimony from the appraisers. Evidence presented by the debtors supported a combined market value of approximately $11,160,000,[1] while the appraisals proffered by Waccamaw concluded that the combined value was closer to $8,200,000.[2] Taking into account the pending contract for the sale of the attached lots to TAG and the sale price of similarly situated lots, the higher valuation appears more credible. Although it is difficult to rationalize these competing valuations, the court finds that there is a slight equity cushion sufficient to protect Waccamaw for sixty (60) to ninety (90) days while the parties attempt to work out a confirmable plan without requiring additional adequate protection.

However, when the collateral at issue is part of a single asset real estate case, as is true here, § 362(d)(3) requires that the debtor's plan have a reasonable possibility of being confirmed within a reasonable time or that the debtor commence monthly interest payments to the creditor. The debtors are not currently in a position to commence monthly interest payments. In the court's view, the debtors' ability to propose a plan with a reasonable possibility of being confirmed within a reasonable time is dependent on closing the pending sale of the attached lots and subsequent reduction of the outstanding debt.

---

[1] $2,900,000 for Palmetto Greens Golf; $2,700,000 for Carolina Shores; $2,215,000 for the unattached single family lots, $2,595,000 for the attached lots, and $750,000 for 15 acres of undeveloped land in the Palmetto Greens Development.

[2] $2,900,000 for Palmetto Greens Golf; $2,700,000 for Carolina Shores; $1,200,000 for the unattached single family lots, $650,000 for the attached lots, and $750,000 for 15 acres of undeveloped land in the Palmetto Greens Development.

4

Based on the foregoing, Waccamaw Bank's motion for relief from stay is DENIED with the following conditions: (1) the debtors must file a joint plan within thirty (30) days disclosing precisely how the debt will be paid down by the TAG contract and how the debt will be reamortized to the extent it remains, and (2) within ninety (90) days, if the TAG contract has not closed, the stay will lift automatically.[3]

**"END OF DOCUMENT"**

---

[3] The time for filing the joint plan and closing the sale contract runs from the oral ruling at the conclusion of the hearing denying the motion on October 26, 2009.